**UNITED STATES of America, Appellee,**

v.

**Marvin Wayne McGINNIS, Appellant.**

No. 85–1549.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Feb. 18, 1986.

Donald R. Cooley, Springfield, Mo., for appellant.

Robin J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before HEANEY, FAGG, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Marvin Wayne McGinnis appeals his conviction of receiving or concealing stolen truck parts in violation of 18 U.S.C. § 2315. We affirm.

McGinnis owns a salvage yard and truck rebuilding operation in Barry County, Missouri. In January 1984, Special Agent Benjamin Cagle of the Federal Bureau of Investigation and two county deputies visited McGinnis's business premises with a warrant to arrest a fugitive named Freddie Cummings. Finding that Cummings was not there, Cagle inquired about trucks belonging to Ron Vogle, who was associated with Cummings. After looking at Vogle's trucks, Cagle asked McGinnis if he could look at some of McGinnis's trucks and if he could record several vehicle identification numbers. Cagle did not have a warrant to search the premises and did not inform McGinnis that he did not have to agree to the search. One of the deputies, however, told McGinnis that he did not have to consent to Cagle's search. McGinnis agreed to let Cagle look around the premises and even discussed having purchased a truck that Cagle later identified as having been stolen in Tulsa, Oklahoma. Cagle recorded the vehicle identification number of that truck and upon learning the truck had been stolen applied for and received a warrant to search McGinnis's business premises. When the warrant was executed, a consid-

erable amount of incriminating evidence was seized.

A grand jury indicted McGinnis for receiving and concealing stolen truck parts (Count I) and for receiving a stolen motor vehicle (Count II). Before trial, the District Court[1] denied McGinnis's motion to suppress the evidence seized from his business premises. At trial, the witnesses included Cagle, several of McGinnis's accomplices (who had been granted immunity), and the owner of a truck that had been stolen and reduced to its constituent parts, those parts being the subject of Count I. The jury convicted McGinnis of receiving or concealing stolen truck parts and acquitted him of receiving a stolen motor vehicle. The District Court entered judgment on the jury's verdict, sentencing McGinnis to a prison term of eight years and requiring him to make restitution.

For reversal, McGinnis argues that the District Court erred by admitting the truck owner's opinion testimony as to the value of the stolen truck parts; by submitting to the jury a verdict form worded in the disjunctive, whereas the indictment was worded in the conjunctive; by refusing to give the jury cautionary instructions concerning the testimony of accomplice witnesses granted immunity; and by denying the pretrial motion to suppress evidence.

McGinnis first argues that the District Court should not have admitted the truck owner's opinion testimony that the value of the truck parts identified in Count I was $40,000. If the owner's testimony is inadmissible, McGinnis contends that the government failed to prove an element of the offense proscribed in 18 U.S.C. § 2315—*i.e.*, that the goods equaled or exceeded $5,000 in value.

Both the District of Columbia Circuit and the Seventh Circuit have approved the admission of the testimony of an owner of goods, not otherwise an expert, to establish that the goods have a value sufficient to make the offense charged one punishable under 18 U.S.C. § 2315. *See United*

*States v. Robinson*, 698 F.2d 448, 456 (D.C. Cir.1983) (owner valued her stolen rings at $12,000; an earlier appraisal setting the value of one of the rings at $3,000 partially corroborated her testimony); *United States v. Lehning*, 742 F.2d 1113, 1115 (7th Cir.1984) (following *Robinson*). We agree with these other circuits that such testimony is admissible, and we hold that the District Court ruled correctly in allowing the owner to testify as to the value of the stolen truck parts. Moreover, we believe that his testimony was sufficient without more to support a jury finding that the parts had a value of at least $5,000. We note, however, that one of McGinnis's accomplices testified that McGinnis had paid him $3,000 for his part in stealing the truck. The same accomplice also testified that another accomplice told him that McGinnis was going to pay a total of $12,000 to the three men who stole the truck. The testimony of this accomplice thus provided additional support, though none was needed, for the jury's finding that the stolen parts had a value at least equal to the $5,000 minimum prescribed by section 2315.

McGinnis's second argument is patently frivolous. The federal statute at issue here is worded in the disjunctive to encompass a broad variation of crimes following the same basic theme. *See* 18 U.S.C. § 2315. Federal pleading requires, however, that an indictment charge in the conjunctive to inform the accused fully of the charges. *United States v. Hicks*, 619 F.2d 752, 758 (8th Cir.1980); *Joyce v. United States*, 454 F.2d 971, 976 (D.C.Cir.1971), *cert. denied*, 405 U.S. 969, 92 S.Ct. 1188, 31 L.Ed.2d 242 (1972). Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction. *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970); *United States v. Wyant*, 576 F.2d 1312, 1319 (8th Cir.1978); *Rimerman v. United States*, 374 F.2d 251, 253–54 (8th Cir.), *cert. denied*, 387 U.S. 931, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967). Here the District Court, on two occasions, carefully instruct-

---

**1.** The Honorable Ross T. Roberts, United States District Judge, Western District of Missouri.

ed the jury that to find McGinnis guilty of Count I it unanimously must find, beyond a reasonable doubt, that McGinnis received stolen truck parts *or* concealed the parts, *or* both. This clearly was a correct statement of the applicable law.

■ McGinnis next contests the District Court's refusal to give the jury special cautionary instructions about the testimony of accomplices granted immunity in exchange for their testimony. An accomplice's testimony is not *per se* untrustworthy, but the jury may or may not find it credible. Decisions as to credibility and as to what weight particular testimony should receive properly rest with the jury. *United States v. Evans*, 697 F.2d 240, 245 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 352 (1983). While juries should carefully scrutinize accomplice testimony, not every case is one in which special cautionary instructions need be given. The cases finding that failure to caution the jury specially is reversible error involve accomplices or other less than disinterested witnesses whose testimony was the only evidence that the accused participated in a crime—the government did not or could not otherwise corroborate the testimony. *See, e.g., Tillery v. United States*, 411 F.2d 644, 646–47 (5th Cir.1969); *United States v. Swiderski*, 539 F.2d 854, 860 (2d Cir.1976) (witness had earned $10,000 in contingency fees working for the government as an informant and the government did not corroborate his testimony by introducing other evidence).

■ After reviewing the trial record in the present case, we conclude that the government presented ample evidence to corroborate the accomplices' testimony. Moreover, the District Court reminded the jurors of the accomplices' plea agreements, their guilty pleas to crimes arising from the same series of events, and their prior convictions. We believe that in these circumstances no more was required and that the District Court did not err by declining to warn the jury more specifically about the need for careful scrutiny of accomplice testimony.

■ Finally, McGinnis contests the District Court's denial of his motion to suppress evidence discovered as a result of Cagle's initial warrantless search of his business premises. A search performed with consent does not violate the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973); *United States v. Matthews*, 603 F.2d 48, 51 (8th Cir.1979), *cert. denied*, 444 U.S. 1019, 100 S.Ct. 674, 62 L.Ed.2d 650 (1980). The issue is one of voluntariness, *see United States v. Dennis*, 625 F.2d 782, 793 (8th Cir.1980), and the appropriate inquiry is whether in light of all the circumstances McGinnis's consent was not his own "essentially free and unconstrained choice" because "his will ha[d] been overborne and his capacity for self-determination critically impaired." *Schneckloth*, 412 U.S. at 225, 93 S.Ct. at 2046; *see United States v. Frazier*, 560 F.2d 884, 889 (8th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978). The government bore the burden of proving that McGinnis freely and voluntarily consented to the search at issue. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968); *Matthews*, 603 F.2d at 51.

■ The District Court found that the government had met this burden. Because the issue of consent is an issue of fact, we will not reverse a District Court's finding on that issue unless it is clearly erroneous. *United States v. Turpin*, 707 F.2d 332, 334 (8th Cir.1983); *United States v. Watson*, 459 F.2d 588, 591 (8th Cir.1972); *Drummond v. United States*, 350 F.2d 983, 988–89 (8th Cir.1965), *cert. denied*, 384 U.S. 944, 86 S.Ct. 1469, 15 L.Ed.2d 542 (1966). Here, one of the deputies informed McGinnis that he did not have to allow Cagle to search the premises. McGinnis nevertheless permitted an extensive search and freely discussed the purchase of a stolen truck with Cagle. Having reviewed the transcript of the suppression hearing, we cannot say that the finding that McGinnis

consented to the search is clearly errone-ous.[2]

For the reasons stated above, we affirm the judgment of the District Court.

**2.** In a recent decision, *Miller v. Fenton,* ⸺ U.S. ⸺, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the Supreme Court, reviewing the federal habeas case of a state prisoner, held that the voluntariness of a confession is a question of law, subject to review *de novo* in federal habeas proceedings. The Supreme Court's holding was limited to the question whether a presumption of correctness under 28 U.S.C. § 2254(d) applies to state courts' ultimate conclusions concerning the voluntariness of confessions. We do not believe that this rule, which is based on Fifth Amendment requirements, should or will be expanded to voluntariness issues under the Fourth Amendment. This Court consistently has held that consent to a search is a question of fact, subject to the clearly erroneous standard of review. *E.g., Turpin,* 707 F.2d at 334. We do not believe *Miller* undercuts the validity of that rule. Out of an abundance of caution, however, we have reviewed *de novo* the voluntariness of the search and conclude that McGinnis's consent was voluntary.