**UNITED STATES of America, Appellee,**

v.

**Kirk Francis DePUEW, Appellant.**

**No. 88–2856.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Nov. 21, 1989.

Thomas J. O'Flaherty, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Kirk Francis DePuew appeals from his conviction on six counts of distributing and manufacturing methamphetamine in violation of 18 U.S.C. § 2 (1982); 18 U.S.C. § 922(g)(3) (1982 & Supp. V 1987); and 21 U.S.C. §§ 841(a)(1), 845, and 846 (1982). We affirm.

The charges against DePuew arose from the activities of several individuals in manufacturing and distributing methamphetamine in the area of Storm Lake, Iowa. A multicount indictment was filed in the district court.[1] After the other individuals charged entered guilty pleas, DePuew was tried on seven counts and was convicted on six. This appeal followed.

I.

DePuew first contends that he was deprived of effective assistance of counsel in violation of the sixth amendment of the United States Constitution, based on the fact that his trial counsel failed to perform any pretrial discovery, made no attempt to suppress seized evidence, failed to make proper objections during his trial, and improperly stipulated to facts.

The issue of ineffective assistance of counsel was not raised below. Ordinarily, such a claim cannot be asserted without the development of facts outside the origi-

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

nal record, and thus cannot be raised on appeal. *United States v. Gallegos–Torres,* 841 F.2d 240, 242–43 (8th Cir.1988). This general rule applies except in cases "where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Davis v. Wyrick,* 766 F.2d 1197, 1204 (8th Cir.1985) (quoting *Kelly v. Crunk,* 713 F.2d 426, 427 (8th Cir. 1983) (per curiam)). From our review of the record, we conclude that this matter is not one of those exceptional cases. Accordingly, we decline to consider this issue on appeal.

Regardless, we note that the United States Attorney's Office for the Northern District of Iowa maintains an open-file policy with regard to discovery materials, making motions for discovery unnecessary. *United States v. Johnson,* 751 F.2d 291, 295 (8th Cir.1984). Further, with respect to DePuew's arguments concerning suppression of evidence and failure to make sufficient objections during trial, we simply observe that his general arguments fail to establish with any specificity the deficient performance required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See id.* at 690, 104 S.Ct. at 2066 (noting that "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"). This is especially necessary to avoid "the distorting effects of hindsight" inherent in reviewing attorney actions long after the conduct in question has occurred. *Id.* at 689, 104 S.Ct. at 2065.

## II.

DePuew also argues that the district court erred in submitting its Instruction No. 16, reciting that the indictment charged that he manufactured *and* attempted to manufacture methamphetamine, to the jury.[2] The instruction informed the jury that it should find DePuew guilty of the charge if either of the two assertions were proven.

DePuew contends that submitting Instruction No. 16 was erroneous because the court substituted the word "and" for "or," thereby prejudicing him by charging multiple offenses in a single count. He argues that charging defendants in this fashion results in ambiguous jury verdicts. The government asserts that the instruction was proper because an indictment must make charges in the conjunctive to inform the accused of the charges against him, and that the proof of any one of the violations charged in the indictment will properly sustain a conviction.

▪ DePuew failed to object or request a different instruction, and therefore is precluded from complaining about the instruction on appeal. *See United States v. Young,* 702 F.2d 133, 136 (8th Cir.1983); *see also* Fed.R.Crim.P. 30. Furthermore, his arguments are completely without merit. In *United States v. McGinnis,* 783 F.2d 755, 757 (8th Cir.1986), we stated that "Federal pleading requires ... that an indictment charge in the conjunctive to inform the accused fully of the charges." It is well-established that proof of either of the violations charged in the conjunctive will sustain a conviction. *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970); *McGinnis,* 783 F.2d at 757.

## III.

▪ Next, DePuew argues that the Assistant United States Attorney was guilty

---

2. Instruction No. 16 stated:
    You may note that Count 14 of the Indictment charges that the defendant Kirk DePuew did manufacture *and* attempt to manufacture methamphetamine. This is a matter of legal drafting and the United States need not prove that the defendant did both of those things. It is enough if either of the two is proven.
    Likewise, you may note that Count 15 of the Indictment charges that the defendant Kirk

DePuew did conspire to distribute methamphetamine *and* did conspire to possess that same drug with the intent to distribute it. This too is a matter of legal drafting and the United States need not prove that the defendant did both of these things. It is enough if either one of the two is proven.
Clerk's Record at 32 (emphasis in original).

of misconduct when he urged the district court to sentence DePuew at the upper end of the range mandated under the Sentencing Guidelines. DePuew contends that this conduct was improper because it was based solely on his failure to cooperate with the authorities in their investigation of other persons. The record reflects that the prosecutor actually argued that since DePuew had not cooperated with the authorities, he "should not be entitled to any credit for cooperation."

Guideline section 5K1.2 clearly states that a defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating factor by the district court.[3] From our review of the record, we are satisfied that the prosecutor's argument did not affect the court's sentencing in any way, and accordingly hold that the policy of section 5K1.2 has not been offended.

### IV.

The remaining arguments made by DePuew warrant only brief discussion. First DePuew asserts that his sentence on Count 13 of the Indictment[4] exceeded that authorized by the guidelines. His counsel on appeal concedes that the government is correct on this issue, therefore, we do not consider it further.

Second, he argues that the Assistant United States Attorney overreached his power by filing a late motion requesting that the sentencing court treat the uncontrolled substance ephedrine hydrochloride as equivalent to methamphetamine. Since this motion was denied by the sentencing court, we see no possible prejudice.

Finally, DePuew contends that the special assessment levied against him under 18 U.S.C. § 3013 (1982), totaling $300

---

**3.** This guideline states:

*Refusal to Assist* **(Policy Statement)**

A defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor.

United States Sentencing Commission, *Guidelines Manual,* § 5K1.2 (Nov.1989).

**4.** Count 13 alleged a violation of 18 U.S.C. § 922(g)(3), making it unlawful for any person

---

on the six counts on which he was convicted, violates the origination clause of the United States Constitution, article I, section 7, clause 1. This argument was not raised below and therefore is not properly before us. Accordingly, we do not consider it. *United States v. Eisenberg,* 807 F.2d 1446, 1455 (8th Cir.1986).

### V.

Therefore, for the above mentioned reasons, we affirm the convictions of the district court.

who "is an unlawful user of or addicted to any controlled substance," as defined in 21 U.S.C. § 802 (1982), "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."