# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3790

_____

United States of America

*Plaintiff - Appellee*

v.

Sanjay Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 1, 2016
Filed: November 4, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Sanjay Williams guilty of (1) conspiracy to commit wire or mail fraud, (2) wire fraud, and (3) conspiracy to commit money laundering, after the jury heard extensive testimony about Williams's participation in a "lottery scam" in which the perpetrators extracted advance fees from victims in exchange for false promises

of prize winnings. The district court[1] sentenced Williams to a total of 240 months in prison and three years of supervised release, and ordered him to pay restitution, jointly with the other defendants, of $5,672,561.15. On appeal, in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that (1) the charges against Williams should have been dismissed, because he suffered a violation of his rights under the Speedy Trial Act, (2) his trial on charges in the District of North Dakota following his arrest on charges in North Carolina violated the Double Jeopardy Clause, (3) the improper joinder of charges and defendants prejudiced Williams, (4) the district court lacked jurisdiction over conduct that occurred outside North Dakota, (5) there was insufficient evidence to convict Williams, and (6) the wire-fraud conspiracy conviction is unlawful, because the verdict form asked the jury whether Williams was guilty of conspiracy to commit mail fraud "or" wire fraud, instead of conspiracy to commit mail fraud "and" wire fraud, as charged in the indictment.

We first conclude that the district court did not err in denying Williams's Speedy Trial Act motion to dismiss the indictment, because the speedy-trial clock did not commence until August 20, 2014, when the district court granted the government's motion to sever those defendants who had not been extradited; the trial was thereafter scheduled for September 15, 2014; and subsequent delays occurred as a result of defendants' motions for continuances. See 18 U.S.C. § 3161(c)(1); United States v. Lightfoot, 483 F.3d 876, 885-86 (8th Cir. 2007) (speedy-trial clock under Speedy Trial Act, subject to reasonableness requirement, is same for all defendants joined in indictment).

We also reject as meritless the arguments concerning double jeopardy, improper joinder, and jurisdiction, because (a) Williams was not prosecuted in separate states, and in any event his rights under the Constitution were not violated,

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

see Heath v. Alabama, 474 U.S. 82, 88-89 (1985); (b) the offenses and defendants charged in the indictment were based on a common and coordinated series of acts and transactions, see Fed. R. Crim. P. 8; United States v. Morris, 723 F.3d 934, 941 (8th Cir. 2013) (prerequisites for joinder are liberally construed in favor of joinder); and (c) jurisdiction was not lacking, because at least one victim resided in North Dakota when the scheme was perpetrated against her, see 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against laws of United States); United States v. Moeckly, 769 F.2d 453, 460-61 (8th Cir. 1985) (discussing proper venue).

Next, we find that the evidence was sufficient to convict Williams. Over the course of the seven-day trial, many elderly victims testified that they had paid advance fees for fictitious prize money that they had been promised during telephone calls from Williams and others; cooperating witnesses testified about how they had received the victims' payments--through wire services and other means--and then forwarded the payments to Williams and others; and investigating law enforcement officials and the MoneyGram representative testified about incriminating data that was collected. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (standard of review for sufficiency of evidence after jury trial); United States v. Whitlow, 815 F.3d 430, 435-36 (8th Cir. 2016) (discussing wire fraud and conspiracy to commit wire fraud); United States v. Delgado, 653 F.3d 729, 736-37 (8th Cir. 2011) (discussing conspiracy to commit money laundering). We also reject Williams's final argument about the purported improper use of disjunctive language in the verdict director, because "[p]roof of any one of the violations charged conjunctively in the indictment will sustain a conviction." See United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986).

Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. The judgment is affirmed, and counsel's motion to withdraw is granted.

_____