# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2044

_____

United States of America

*Plaintiff - Appellee*

v.

Dusty A. Peoples

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 10, 2017
Filed: April 24, 2017

_____

Before SMITH,[1] GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Dusty A. Peoples pleaded guilty to being a felon in possession of a firearm, conditioned on his right to appeal the denial of his motion to suppress evidence obtained from the search of a motel room where he was staying.  Because the search

---

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

warrant was based on evidence discovered by law enforcement officers while assisting motel management in lawfully evicting Peoples, we affirm.

On March 26, 2015, Kansas City Police Department ("KCPD") Officer Bobbi King was working undercover at the Crown Lodge, a motel on the edge of town that has suffered from a rash of criminal activity in recent years. On that particular morning, Officer King spotted a silver Toyota Camry in the motel parking lot that had been reported stolen. Accordingly, she proceeded to conduct surveillance on the vehicle. Officer King eventually observed two individuals, a male and a female, come out of Room 114 and approach the Camry. The woman threw a bag into the car, had a conversation with the man across the vehicle, and then drove out of the parking lot. Officer King followed the Camry to Independence, Missouri, where she arrested the female suspect—later identified as Melissa Tully—for possession of a stolen automobile. After the arrest, police found ammunition and an empty gun holster inside the vehicle, and Tully informed officers that a gentleman by the name of "Dusty" had spent the night with her in Room 114.

Meanwhile, Officer Deryck Galloway was dispatched to the Crown Lodge to advise management of the criminal activity on premises and to determine the identity of the male from Room 114. After arriving at the motel, Officer Galloway informed the clerk on duty that a stolen car had been observed leaving the Crown Lodge parking lot and that, while one person had been arrested, there was still a young man associated with the vehicle inside Room 114. In response, the clerk handed Officer Galloway a key to Room 114 so that he could evict the occupants. Either immediately before or after this conversation, Officer Galloway learned that police had recovered ammunition and an empty holster from the stolen vehicle and that the male suspect in Room 114 was named Dusty.

Officer Galloway then went to Room 114 accompanied by other officers, knocked on the door several times, and announced that he was with the police.

Receiving no response, he used the key to enter the room and found Peoples lying on the bed. He also noticed a loaded handgun magazine on the floor next to the bed and what appeared to be narcotics on the night stand. Peoples was then taken into custody. Based on the evidence observed in plain view during the eviction, police obtained a search warrant for the room, where they discovered and seized a Glock 42 pistol along with an array of stolen electronics. Peoples was subsequently indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Peoples moved to suppress all evidence obtained as a result of the initial police entry into the motel room, which he claimed was an unlawful warrantless search that tainted the subsequent search warrant as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963). After conducting an evidentiary hearing, the magistrate judge recommended denying the motion, finding no Fourth Amendment violation because a valid eviction terminates a hotel guest's reasonable expectation of privacy in the room. Here, "the motel management was justified in evicting the occupants of Room 114 . . . [because] Missouri law allows a hotel to eject a person when the hotel operator reasonably believes that the person is using the premises for an unlawful purpose." *See* Mo. Rev. Stat. § 315.075(3). The district court[2] adopted this analysis in full. Peoples then entered into a plea agreement with the Government, in which he reserved the right to appeal the denial of his motion to suppress, and was sentenced to 46 months' imprisonment. He timely appeals, arguing that the Fourth Amendment compels us to reverse the denial of his motion to suppress.

"In considering [the] denial of a motion to suppress evidence, we review the district court's conclusions of law *de novo* and its factual findings for clear error."

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, Chief Magistrate Judge for the Western District of Missouri.

*United States v. Molsbarger*, 551 F.3d 809, 811 (8th Cir. 2009) (internal quotation marks and citation omitted). The parties agree that the Fourth Amendment's "protection against unreasonable searches and seizures extends to a person's privacy in temporary dwelling places such as hotel or motel rooms." *United States v. Conner*, 127 F.3d 663, 666 (8th Cir. 1997). However, "once a guest has been *justifiably* expelled, the guest is without standing to contest an officer's entry into his hotel room on Fourth Amendment grounds." *Young v. Harrison*, 284 F.3d 863, 867 (8th Cir. 2002). As we explained in *United States v. Rambo*, this is true because, upon eviction, "the rental period . . . terminate[s] . . . [and] control over the hotel room revert[s] to management." 789 F.2d 1289, 1295-96 (8th Cir. 1986). *Rambo* and subsequent cases make clear that the justification for such evictions may come from state statutes authorizing the removal of guests under certain circumstances. *See, e.g.*, *id.* at 1294 (holding that Minnesota's undesirable guest statute justified officers' entry into a hotel room); *United States v. Bohmont*, 413 F. App'x 946, 950-51 (8th Cir. 2011) (unpublished) (per curiam) (reaching same conclusion based on Mo. Rev. Stat. § 315.075). Thus, it is significant that, under Missouri law, "[a]n owner or operator of a hotel may eject a person from the hotel and notify the appropriate local law enforcement authorities [if] . . . [he or she] reasonably believes that the individual is using the premises for an unlawful purpose." Mo. Rev. Stat. § 315.075(3).

Peoples effectively advances two arguments in favor of suppression. First, he suggests that the KCPD attempted to circumvent the Fourth Amendment by acting through a private citizen to conduct a "warrantless search" of Room 114. Tying this doctrine to the lodging context, Peoples invokes *Stoner v. California*, in which the Supreme Court held that hotel clerks cannot consent to the search of a guest's room. 376 U.S. 483, 489-90 (1964). While this is undoubtedly true, the record does not support Peoples's efforts to frame the KCPD's initial entry into Room 114 as a search. Rather, the magistrate judge determined that the motel clerk handed Officer Galloway a key for the purpose of effecting an eviction, not to conduct a search. Peoples does not contest this finding, and in fact, he concedes that "the motel

-4-

management provided Officer Galloway a key to Room 114 to evict the occupants inside the room."[3] Thus, this is a very different situation from the invalidated search in *Stoner*, which occurred after a hotel clerk granted police access to a room rented by a robbery suspect, who was absent at the time, for the express purpose of conducting a search. *See id.* at 484-86. As such, Peoples's first argument fails.

Second, Peoples contends that, even if *Stoner* does not require reversal, the initial police entry into Room 114 was unlawful because his eviction was neither "justified" nor "proper" under Missouri law. *See Molsbarger*, 551 F.3d at 811 ("*Justifiable* eviction terminates a hotel occupant's reasonable expectation of privacy in the room." (emphasis added) (citations omitted)); *Young*, 284 F.3d at 869 ("[W]hen a hotel guest is *properly* evicted he loses the Fourth Amendment's protection against warrantless entry." (emphasis added)). Specifically, Peoples argues that section 315.075 cannot be read to authorize evictions of guests that result from police reports of illicit conduct to hotel management. The genesis of such evictions, he suggests, must come from innkeepers independently.

We acknowledge the potential for abuse when police provide the impetus for evictions under section 315.075. For example, it is possible that an officer might provide motel management with misleading information about a guest to cause an eviction as an end-around to the warrant process. However, just as we cannot blindly defer to police reports of suspected criminal activity, neither can we interpret section 315.075 to require innkeepers to ignore police warnings of illicit conduct on hotel premises. Instead, we must look to the specific facts behind police-initiated evictions.

---

[3] As we have often noted, a party's failure to raise a contention in its appellate brief is deemed an abandonment of that issue. *See, e.g.*, *United States v. Aldridge*, 561 F.3d 759, 765 (8th Cir. 2009) (citing Fed. R. App. P. 28(a)(6)). This principle applies even more forcefully when a party makes a concession before this court. *See United States v. DePuew*, 889 F.2d 791, 794 (8th Cir. 1989).

Peoples does not offer, and the record does not betray, any evidence of bad faith on the part of the KCPD. In fact, Officer Galloway did not so much as suggest that the clerk should evict Peoples. Rather, the record demonstrates that, in giving the key to Officer Galloway, the clerk wanted the occupants of Room 114 removed. Further, this desire was justified under Missouri law because the clerk had a reasonable belief that the occupants of Room 114 were using motel premises for an unlawful purpose, given Officer Galloway's report that they had kept a stolen vehicle in the Crown Lodge parking lot and that Peoples's associate had been arrested for her role in this offense.

In a similar vein, Peoples claims that "emergency or exigent circumstances" are required for the "warrantless search" of motel rooms under section 315.075 and similar state statutes. As an initial matter, it bears repeating that the initial entry into the motel room was not a search but an eviction. Moreover, just because we have held that "[d]isruptive, unauthorized conduct in a hotel room invites intervention from management and termination of the rental agreement," *Molsbarger*, 551 F.3d at 811, it does not logically follow that there are not other circumstances in which the control over a room reverts to hotel management. In Missouri, section 315.075 expressly provides for evictions based on a reasonable belief of illicit activity. The statute does not require emergency or exigent circumstances for such an eviction, and we decline to impose this condition where the state legislature chose not to do so. As such, we find that Officer Galloway's entry into Room 114 was for the lawful purpose of effecting Peoples's eviction and that the evidence observed during this initial entry was a valid basis for the subsequent search warrant, which Peoples does not otherwise challenge.

Accordingly, the district court did not err in denying Peoples's motion to suppress, and we affirm his conviction.

_____