**UNITED STATES of America,**
**Appellee,**

v.

**Jerkeno WALLACE and Negus**
**Thomas, Defendants–**
**Appellants.**

**Docket Nos. 03–1777(L), 03–1778(CON).**

United States Court of Appeals,
Second Circuit.

Argued: March 3, 2005.

Decided: April 27, 2006.

Richard S. Cramer, Wethersfield, CT, for Defendant–Appellant Jerkeno Wallace.

David J. Wenc, Windsor Locks, CT, for Defendant–Appellant Negus Thomas.

Michael J. Gustafson, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief) for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Before: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

B.D. PARKER, JR., Circuit Judge.

Defendants–Appellants Jerkeno Wallace and Negus Thomas appeal from judgments of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*). They were convicted on various narcotics, conspiracy, firearms and murder charges and were both sentenced principally to life in prison. They challenge their convictions on several grounds, but this opinion deals specifically with one issue raised by Thomas—whether he was inappropriately convicted for two violations of 18 U.S.C. § 924(c)(1)(A) (" § 924(c)(1)") based on his committing two predicate offenses with a single use of a firearm.[1] (We treat Appellants' remaining claims in a separate summary order). As to the dual § 924(c)(1) convictions, we hold that the unit of prosecution is the same for the two separate § 924(c)(1) counts (Counts Thirteen and Fourteen). Because a defendant may only be convicted of one violation of § 924(c)(1) for a single unit of prosecution, we remand the convictions of both Appellants on both Counts Thirteen and Fourteen to the District Court to exercise its discretion to vacate one of them. As explained in the separate Summary Order, we affirm as to the remaining challenged counts. Also in the Summary Order, we remand the sentences of both Appellants for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

### BACKGROUND

On May 16, 2001, in Hartford, Connecticut, Thomas and Wallace pulled their vehicle near to another one that was carrying three men who had just robbed Thomas of crack cocaine. Thomas and Wallace had followed the three men, and as the cars

---

1. Although the argument with respect to the § 924(c)(1) convictions was only raised by Thomas, we remand the convictions for Counts Thirteen and Fourteen with respect to both appellants Thomas and Wallace.

were caught in traffic, Thomas fired several shots into the other car. One of the bullets hit Gil Torres in the neck, paralyzing him immediately and ultimately causing his death.

Thomas and Wallace—along with eight others—were indicted for conspiring to distribute cocaine base. With the exception of Thomas and Wallace, the other defendants pleaded guilty. Thomas and Wallace were tried on a variety of offenses. Of the ones relevant to this appeal, Count One charged them with conspiracy to distribute cocaine base; Count Four charged Thomas with aiding and abetting drug distribution; Count Five charged Wallace with drug distribution; and Count Ten charged Thomas with operating a drug distribution facility. A number of the counts related to the murder of Torres: Count Eleven charged Thomas and Wallace with conspiracy to use a firearm in furtherance of a drug trafficking crime (the conspiracy charged in Count One) and/or a crime of violence (the drive by-shooting charged in Count Twelve) in violation of 18 U.S.C. § 924(o); Count Twelve charged that Thomas and Wallace violated the drive-by shooting statute, 18 U.S.C. § 36(b)(2)(A); Count Thirteen charged that they violated the firearm possession statute in relation to a drug trafficking crime (the drug conspiracy charged in Count One), and, in doing so, murdered Torres in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2. Finally, Count Fourteen charged that they violated the firearm possession statute during a crime of violence (the drive-by shooting charged in Count Twelve), and in doing so, murdered Torres, again in violation of §§ 924(c)(1)(A)(iii), 924(j)(1), and 2.

The trial resulted in the convictions of both defendants on all counts. Wallace was sentenced principally to life imprisonment on both Counts One and Twelve, 240 months on both Counts Five and Eleven, all to be served concurrently, and 120 months imprisonment on Count 13 (which was combined with Count Fourteen). Thomas was sentenced to life imprisonment on both Counts One and Twelve, 240 months on both Counts Four and Ten, all to be served concurrently, and 120 months imprisonment on Count 13 (which was combined with Count Fourteen). This appeal followed.

## DISCUSSION

### I.

■ Thomas argues that the evidence was insufficient to support his convictions for two violations of § 924(c)(1), which criminalizes the use of a firearm during either a crime of violence or a drug trafficking offense, because that section does not authorize multiple convictions when those two predicate offenses are committed with a single use of a firearm. Though he presents it as a sufficiency of the evidence issue, we think it is more appropriately reviewed for legal error. Regardless of how the error is characterized, the standard of review is *de novo*. *See United States v. Rodriguez*, 356 F.3d 254, 257–58 (2d Cir.2004) (errors of law); *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir.2004) (sufficiency of the evidence).

### II.

We begin by reviewing the statutes underlying the relevant charges. Counts Thirteen and Fourteen charged violations of §§ 924(c)(1)(A) and 924(j)(1) in connection with Counts One and Twelve. 18 U.S.C. § 924(c)(1)(A) provides:

> any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who,

in furtherance of any such crime, possesses a firearm, shall ... be sentenced to a term of imprisonment of not less than 5 years....

Section 924(j)(1) provides:

[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall ... if the killing is a murder ... be punished by death or by imprisonment for any term of years or for life....

■ Count Thirteen charged that Thomas used a firearm in connection with the drug trafficking conspiracy charged in Count One. The drug trafficking conspiracy charge in Count One alleged a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846. Those statutes provide in part that "it shall be unlawful for any person knowingly or intentionally" to conspire to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense ... 50 grams or more of a mixture or substance ... which contains cocaine base." 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846. Accordingly, in order to sustain its burden of proof against Thomas for the firearm possession count in Count Thirteen, the government was required to prove three elements: (1) that Thomas committed the predicate drug trafficking offense, (2) that during and in relation to that underlying offense Thomas knowingly used or carried a firearm and, (3) that in the course of using that firearm Thomas murdered Torres.

■ Count Fourteen charged that Thomas used a firearm in connection with the crime of violence alleged in Count Twelve, the drive-by shooting. The drive-by shooting charge in Count Twelve was for a violation of 18 U.S.C. § 36(b), which prohibits the firing of a weapon, in furtherance of a major drug offense, into a group

of two or more people with the intent to injure. The statute provides in part:

A person who, in furtherance ... of a major drug offense and with the intent to intimidate, harass, injure, or maim, fires a weapon into a group of two or more persons and who, in the course of such conduct, kills any person shall, if the killing ... (A) is a first degree murder (as defined in section 1111(a)), be punished by death or imprisonment for any term of years or for life, by fine under this title, or both ....

18 U.S.C. § 36(b)(2)(A). Section 36(a) in turn defines "major drug offense" as, among other things:

. . .

(2) a conspiracy to distribute controlled substances punishable under section 406 of the Controlled Substances Act ...; or

(3) an offense involving major quantities of drugs and punishable under section 401(b)(1)(A) of the Controlled Substances Act.

. . .

18 U.S.C. § 36(a). Thus, with respect to Count Fourteen, charging use of a firearm in connection with the drive-by shooting charged in Count Twelve, the government was required to prove three elements: (1) that Thomas committed the predicate offense by firing a weapon in furtherance of a major drug offense into a group of two or more people with the intent to injure, as well as the second and third elements required to establish the violation alleged in Count Thirteen, (2) that Thomas knowingly used or carried the firearm during and in relation to the underlying offense, and (3) that in the course of using that firearm, Thomas caused the murder of Torres.

### III.

■ The question we address here is whether the two § 924(c)(1) counts, Counts

Thirteen and Fourteen, were based on a single "unit of prosecution." We hold that they were, and that therefore the multiple § 924(c)(1) convictions were improper. In determining the appropriate unit of prosecution under a criminal statute, we look to Congress, asking whether it clearly manifested an intention to punish a defendant twice for continuous possession of a firearm in furtherance of co-terminous predicate offenses involving essentially the same conduct. *See United States v. Finley*, 245 F.3d 199, 207–08 (2d Cir.2001); *United States v. Coiro*, 922 F.2d 1008, 1014 (2d Cir.1991). Where ambiguity or doubt exists about Congressional intent regarding the unit of prosecution, we apply the rule of lenity, which dictates that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Finley*, 245 F.3d at 207 (internal quotation marks and citations omitted).

In *Finley*, we found ambiguity with regard to § 924(c)(1) and concluded that the rule of lenity applied. *Id.* There, we invalidated one of two § 924(c)(1) convictions that arose from two predicate offenses and a single gun continually possessed. The defendant was charged with both drug distribution and drug possession with intent to distribute drugs after an undercover officer purchased drugs from the defendant (the distribution count) and, in the raid that followed immediately, law enforcement officials discovered the remainder of the defendant's stash (the possession count). Because the police also discovered that the defendant had stored a firearm near his distribution operation, the defendant was charged in two counts with using a firearm in furtherance of drug trafficking crimes (the possession with intent to distribute count and the distribution count). *Id.* at 201–02.

On appeal, we ruled that § 924(c)(1) "does not clearly manifest an intention to punish a defendant twice for continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct." *Id.* at 207. We reasoned that the defendant only chose to "possess" the firearm once, albeit in a continuing fashion, and that the "predicate offenses were simultaneous or nearly so, they consisted of virtually the same conduct with the same criminal motivation and one of them (possession of a drug with intent to distribute) was a continuing offense." *Id.* We held that "continuous possession of a firearm in furtherance of simultaneous predicate offenses consisting of virtually the same conduct" amounts to a single unit of prosecution. *Id.* Application of this principle to this case means that the violations charged in Counts Thirteen and Fourteen are unauthorized multiple convictions for a single unit of prosecution because a defendant who commits two predicate offenses with a single use of a firearm may only be convicted of a single violation of § 924(c)(1).

The Fifth Circuit's approach in *United States v. Phipps*, 319 F.3d 177 (5th Cir. 2003) is also instructive. The court, while adopting a narrower reading of § 924(c)(1) than our own, concluded, on similar facts, that multiple § 924(c)(1) convictions could not be based on two violent predicate crimes arising from a single use of a firearm. *Id.* In *Phipps*, the defendants used a single firearm to commit two crimes of violence that could be construed as part of the same criminal act: a carjacking during which the defendants kidnapped their victim. *Id.* at 186–88. The indictment charged two separate § 924(c)(1) violations, one in relation to the carjacking and one in relation to the kidnaping. The defendants were convicted on both § 924(c)(1) counts and the predicate of-

fenses. *Id.* at 180–81. The Fifth Circuit observed that it was unclear whether § 924(c)(1) authorizes multiple convictions for a single use of a single firearm based on multiple predicate offenses. Applying the rule of lenity, the court concluded the statute did not. *Id.* at 184–85. Accordingly, the court ordered that one of the two § 924(c)(1) convictions be dismissed. *Id.* at 194.[2]

The government contends that *Phipps* and *Finley* do not apply here because Thomas used the firearm first to further a drug trafficking crime, that is to maintain and support an extensive, ongoing crack cocaine distribution operation on Edgewood Street, and second to commit a drive-by shooting one day during the existence of the drug trafficking conspiracy. The government focuses on the fact that Thomas had to retrieve his firearm in order to commit the second predicate act, the crime of violence. Consequently, the government argues, the predicate offenses were not simultaneous, did not consist of virtually the same conduct, and were not borne of the same criminal motivation. We disagree. Count Thirteen is predicated on the government proving that Thomas knowingly used a firearm during and in relation to a drug trafficking offense, and in the course of using it, caused the murder of Gil Torres. Count Fourteen is predicated on the government proving that Thomas fired a weapon, in furtherance of a major drug offense, into a group of two or more people with the intent to injure, and

in the course of doing so, caused the murder of Gil Torres. The relevant conduct underlying the offenses predicating Counts Thirteen and Fourteen consists of the same shooting.

■ The government also argues that if there was error here it was harmless, since the District Court combined Counts Thirteen and Fourteen for sentencing purposes. Again, we disagree. The Government misinterprets *Lindsay*, 985 F.2d at 677, as allowing separate § 924(c)(1) convictions to be sentenced concurrently. That case held that where one § 924(c)(1) conviction relates to a lesser-included offense, and the greater offense also carries with it a 924(c)(1) conviction, the two § 924(c)(1) convictions can be combined for sentencing purposes. *Id.* However, *Lindsay* also held that where two distinct § 924(c)(1) violations occur, the sentences cannot run concurrently. *See id.* at 674 (holding that where the government charges multiple § 924(c)(1) counts linking multiple firearms to a single crime, only one § 924(c)(1) violation occurs because "the statute requires § 924(c)(1) convictions to be imposed consecutively to all other convictions" and "if [C]ongress intended to impose such a draconian penalty ... surely it would have said so in clear language"). Here, Counts Thirteen and Fourteen involve a single use of a firearm "in furtherance of simultaneous predicate offenses consisting of virtually the same conduct," *Finley*, 245 F.3d at 207, and,

---

**2.** The Fifth Circuit has rejected our approach in *Finley* and adopted a narrower definition. *See Phipps*, 319 F.3d at 188 n. 11. In that Circuit, "the unit of prosecution is the use, carriage, or possession of a firearm during and in relation to a predicate offense." *Id.* at 184–85. Although we do not adopt the Fifth Circuit's definition of the unit of prosecution, we do agree with the Fifth Circuit that § 924(c)(1) "does not unambiguously authorize multiple convictions for a single use of a

single firearm based on multiple predicate offenses." *Id.* at 187–88. The Fifth Circuit explicitly questioned our reading of § 924(c)(1) in *Finley*, 245 F.3d at 207, expressing the view that the predicate offenses in *Finley* were not simultaneous, and protested that our "test creates more ambiguity than it resolves by importing a temporal concept into § 924(c)(1)." *Phipps*, 319 F.3d at 188 n. 11. We disagree and continue to adhere to the standard we fashioned in *Finley*.

consequently, the crimes are distinct. Count Thirteen is not a lesser-included offense under Count Fourteen because the two § 924(c)(1) violations relate to distinct underlying crimes. We conclude that where two § 924(c)(1) violations relate to simultaneous but distinct crimes consisting of virtually the same conduct, the sentences cannot run concurrently. *See Lindsay,* 985 F.2d at 674.

In addition, were we to allow the two § 924(c)(1) convictions to be sentenced concurrently, we would run afoul of § 924(c)(1)(D)(ii), which states that "no term of imprisonment imposed on a person under [subsection 924(c)(1) ] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." Furthermore, a "second" § 924(c)(1) conviction carries a mandatory and consecutive 25–year prison term. 18 U.S.C. § 924(c)(1)(C)(i). Moreover, we have observed that "[a] defendant suffers consequences of conviction apart than the sentence actually served. Such collateral consequences may include enhanced penalties under a recidivist statute, the future use of the conviction for impeachment of credibility, and the social stigma resulting from conviction." *Coiro,* 922 F.2d at 1015. For these reasons, the error was not harmless.

We find that the unit of prosecution is the same for Counts Thirteen and Fourteen. Thus, one of the firearms convictions should be vacated in keeping with our prior declaration that "it was not Congress's intention in using the words, 'a second or subsequent conviction' to secure the imposition of a second, mandatory 25–year sentence where the two criminal transactions, as in this case, are so inseparably intertwined." *Finley,* 245 F.3d at 208. Accordingly, we remand the two convictions to the District Court to exercise its discretion to vacate one of them. *See Coiro,* 922 F.2d at 1015 (citing *Ball v. United States,* 470 U.S. 856, 865, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)).

### CONCLUSION

The case is remanded as to both Appellants' convictions on Counts Thirteen and Fourteen, with instructions to the District Court to exercise its discretion to vacate the conviction on one of the counts.