**UNITED STATES of America,**
**Appellee,**

v.

**Cory MARCANO, Defendant–Appellant.**

**No. 06–2949–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 22, 2008.

David J. Cohen, Bay Area Criminal Lawyers, PC, San Francisco, CA (Michael A. Marinaccio, Culleton, Marinaccio, & Foglia, White Plains, NY, on the brief), for Appellant.

Elizabeth A. Geddes (Susan Corkery, on the brief), Assistant U.S. Attorney, U.S. Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, and Hon. JOHN R. GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**422**

Cory Marcano appeals from a judgment of conviction entered August 8, 2006, in the United States District Court for the Eastern District of New York, following conviction by jury trial. Marcano was convicted on eight separate counts: (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) (Count One); (2) attempted robbery in violation of 18 U.S.C. § 1951(a) (Count Two); (3) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three); (4) conspiracy to retaliate against an informer in violation of 18 U.S.C. § 1513(b)(2) (Count Five); (5) conspiracy to tamper with an informant in violation of 18 U.S.C. § 1512(a)(2)(C) (Count Seven); (6) conspiracy to traffic in controlled substances in violation of 18 U.S.C. § 846 (Count Nine); (7) possession with intent to distribute more than 50 grams of cocaine base in violation of 18 U.S.C. § 841(a)(1) (Count Ten); and (8) use of a firearm during one or more drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Eleven). He was sentenced to 46 years' imprisonment: fourteen-year concurrent sentences for Counts One, Two, Five, Seven, Nine, and Ten; a seven-year sentence to be served consecutively for Count Eleven; and a twenty-five-year sentence to be served consecutively for Count Three. We assume the parties' familiarity with the facts and procedural history of the case.

Prior to oral argument, but well after all briefs had been filed, Marcano obtained new counsel. At oral argument, this Court granted Marcano's counsel's request to make a motion to seek permission to file a supplemental brief. Counsel maintained that there were many issues that had not been sufficiently briefed in defendant's original brief to this Court. After having reviewed counsel's motion, we conclude that the issues counsel raises do not warrant supplemental briefing. We hereby deny the motion for supplemental briefing without prejudice to whatever motions pursuant to 28 U.S.C. § 2255 Marcano may file raising directly or indirectly any issue presented in the motion. We turn, therefore, to address the issues on appeal as they are delineated in the original brief submitted to this Court.

Marcano argues that (1) the evidence was insufficient to support the jury's verdict; and (2) the district court erred in imposing consecutive sentences of seven and twenty-five years' imprisonment on the § 924(c)(1) firearms counts. "We review de novo a challenge to the sufficiency of evidence and affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." United States v. Madori, 419 F.3d 159, 166 (2d Cir.2005) (internal quotation marks omitted). "A defendant challenging a conviction based on a claim of insufficiency of the evidence thus bears a heavy burden." Id. In sufficiency challenges, we are to "resolve all issues of credibility in favor of the jury's verdict." United States v. Desena, 260 F.3d 150, 154 (2d Cir.2001) (internal quotation marks omitted). Because Marcano primarily challenges the credibility of the witnesses, his challenge fails. To the extent that he claims the evidence itself was insufficient for the jury to return guilty verdicts on the eight counts of conviction, based on our review of the evidence presented at trial in the light most favorable to the government, we conclude that a rational jury could have found the essential elements of each of the crimes beyond a reasonable doubt. See Madori, 419 F.3d at 166.

As to his sentencing argument, Marcano contends that the district court

should have sentenced him to a single or concurrent term of imprisonment for the two § 924(c) violations rather than the consecutive sentences of seven years for Count Eleven and twenty-five years for Count Three. Instead of arguing that those two convictions arose from the same predicate offense, he appears to argue that the jury may have, or could have, made such a finding.[1] This Court has held that the enhanced penalty provision in § 924(c)(1)(C)(ii) for a second or subsequent conviction under § 924(c) applies even when the two convictions are simultaneous, that is, part of the same judgment. *United States v. Bernier,* 954 F.2d 818, 819–20 (2d Cir.1992) (per curiam). In *Bernier,* we upheld the defendant's convictions for two separate bank robberies and two § 924(c) offenses for using a firearm in each robbery. *Id.* at 819. Here, similarly, Marcano's two § 924(c)(1) convictions are based on two different predicate crimes: Count Three is based on the crime of violence of the murder of Wesley Thomas and Count Eleven is based on the drug trafficking crimes—the § 846 drug conspiracy and the substantive count of possession with intent to distribute.[2]

The narrow exceptions to the general rule of *Bernier* that have arisen from this Court's decisions in *United States v. Lindsay,* 985 F.2d 666, 676 (2d Cir.1993), *United States v. Finley,* 245 F.3d 199, 206 (2d Cir.2001), and *United States v. Wallace,* 447 F.3d 184, 188 (2d Cir.2006), do not apply to Marcano's case. *Lindsay* involved a defendant who had used multiple firearms in connection with one drug trafficking offense, 985 F.2d at 676; *Finley* involved one gun, continually possessed during the same transaction, which gave rise to two predicate offenses that were closely linked in time, 245 F.3d at 206–07; and *Wallace* involved two predicate offenses (a drug trafficking crime and a drive-by shooting) arising out of the same shooting, 447 F.3d at 188–89. Those are not the facts of this case. The district court, therefore, properly sentenced Marcano for the two § 924(c)(1) offenses.

■ Finally, Marcano has made a motion for a remand pursuant to *United States v. Regalado,* 518 F.3d 143, 149 (2d Cir.2008), because his sentence rested in part on the crack cocaine Guidelines. We agree, and the government concedes, that this case should be remanded pursuant to *Regalado.* In *Regalado,* this Court set forth a procedure for cases to be remanded to the district court to consider, after the Supreme Court's decision in *Kimbrough v. United States,* — U.S. —, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), whether it would have imposed a different sentence had it been aware of its discretion to deviate from the crack cocaine ranges. We explained:

---

1. To the extent that Marcano argues that there should have been a special verdict or that the jury instructions were somehow infirm, we review that claim for plain error as he did not object below. *See Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). We find none here.

2. Marcano mentions at the end of his brief that there was insufficient evidence that he brandished a weapon such that the sentence on Count Eleven should have been five years pursuant to § 924(c)(1)(A)(i) rather than seven years pursuant to § 924(c)(1)(A)(ii). Under § 924(c)(1), brandishing and discharging

are sentencing factors to be found by the judge, *Harris v. United States,* 536 U.S. 545, 556, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), by a preponderance of the evidence, *see United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005). We review for clear error the district court's factual finding that Marcano brandished the weapon, *United States v. Guang,* 511 F.3d 110, 122 (2d Cir.2007), and find none here where the district court could have relied upon testimony by Jamil Bannister that he had seen Marcano brandish a weapon in connection with Marcano's drug dealing.

424

Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision.

*Regalado,* 518 F.3d at 149. Here, had the district court known of its discretion to deviate from the Guidelines in applying the sentence on Counts Nine and Ten, it may have imposed a different sentence. We leave that determination to the district court in the first instance. We also note that the sentencing issues that Marcano has raised in his motion for supplemental briefing may be addressed by the district court on remand.

We have considered all of Marcano's other arguments and find them to be without merit. Marcano's motion for supplemental briefing is DENIED, the judgment of conviction is AFFIRMED, and the case is REMANDED pursuant to *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008).