12-4009-cr
United States v. Kiond Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　Circuit Judges,
　　　　　GEOFFREY W. CRAWFORD,[*]
　　　　　　　　　　　District Judge.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
　　　　Appellee,

　　　-v.-                                          12-4009-cr

TORELL WHYTE, aka TERROR,
ANTHONY PRADDY, aka BIRDMAN,
　　　　Defendants,

KIOND JONES, aka KION, aka KIOND HING,
　　　　Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR APPELLEE:**                    ANDREY SPEKTOR, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, New York.

**FOR APPELLANT:**                   GAIL JACOBS, Great Neck, New York (Richard E. Mischel, Mischel & Horn, P.C., New York, New York, <u>on the brief</u>).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of conviction on Count Fourteen be **REVERSED** and the judgment of conviction on all other counts be **AFFIRMED**; the matter is **REMANDED** for resentencing on the affirmed counts, <u>see</u> <u>United States v. Rigas</u>, 583 F.3d 108, 118-19 (2d Cir. 2009).

Kiond Jones appeals from the judgment of the United States District Court for the Eastern District of New York (Block, <u>J.</u>), sentencing him after jury trial principally to 50 years' imprisonment for offenses committed in connection with his participation in a drug-trafficking gang composed primarily of residents of Raleigh Place in East Flatbush, Brooklyn.

Jones was convicted of racketeering, in violation of 18 U.S.C. §§ 1962(c), 1963 (Count One); racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d), 1963 (Count Two); and conspiracy to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) (Count Four).  He was also convicted of two violations of 18 U.S.C. § 924(c): unlawful use of a firearm in furtherance of Counts One and Two (crimes of violence) (Count Twelve); and unlawful use of a firearm in furtherance of Count Four (a drug-trafficking crime) (Count Fourteen).

Three racketeering acts ("RAs") were attributed to Jones in connection with Counts One and Two: conspiracy to

2

distribute 1000 kilograms or more of marijuana (RA 1); the kidnapping of Craig Hecclewood (RA 2); and the attempted murder of Moses Louis Osbourne (RA 3). While RA 1 was also charged substantively as Count Four, Jones could not be charged substantively with the kidnapping and attempted murder (RAs 2 and 3) because the five-year statute of limitations had run--they occurred in May and July 2002, and the indictment was filed July 20, 2010. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Jones challenges the sufficiency of the evidence with respect to Count One (racketeering) and Count Two (racketeering conspiracy) of the indictment. Viewed in the light most favorable to the government, United States v. Burden, 600 F.3d 204, 214 (2d Cir. 2010), the prosecution's evidence was sufficient to support Jones's convictions.

**2.** Jones also contends that the evidence was insufficient for a reasonable jury to have found proof of the firearms offenses within the five-year statute of limitations. The predicates for Jones's § 924(c) convictions (RICO, RICO conspiracy, and drug-trafficking conspiracy) are all continuing offenses. See United States v. Payne, 591 F.3d 46, 69 (2d Cir. 2010) (narcotics distribution conspiracy); United States v. Wong, 40 F.3d 1347, 1366 (2d Cir. 1994) (RICO and RICO conspiracy). "When a defendant is convicted of violating § 924(c)(1)(A) for using or carrying a firearm during and in relation to a crime that is a continuing offense, the § 924(c)(1) crime itself is a continuing offense." Payne, 591 F.3d at 69.

Jones relies on United States v. Praddy, 725 F.3d 147, 156-59 (2d Cir. 2013), which carved out an exception to this general rule. Anthony Praddy was convicted of possessing a firearm during and in relation to participation in a marijuana trafficking conspiracy. In the course of a 2004 arrest (i.e., in the pre-limitations period), a police officer discovered a gun in Praddy's backpack; the gun was seized. Importantly, there was *no* other evidence that Praddy had ever possessed a firearm. We concluded that, while "possession is presumed to continue until the underlying conspiracy offense has run its course, it would defy all reason to give effect to that presumption after such time as the gun has in fact been seized by law

3

enforcement authorities," and reversed the § 924(c) conviction.[1]

Jones contends that he is in the same position as Praddy, apparently because a loaded firearm he was carrying when arrested on December 31, 2002, was seized by the police. But the unusual circumstances in Praddy are not present here. There was testimony at trial that Jones had been seen with at least three different firearms, and that Jones had utilized various firearms in connection with his racketeering and drug-trafficking activities. The seizure of one of them therefore does not undermine the presumption that his possession of the others continued throughout the pendency of the continuing predicate offenses. Moreover, a weapon was seized from Jones's residence in 2007 (after the 2002 seizure and within the statute-of-limitations period) near marijuana paraphernalia containing Jones's fingerprints. A reasonable jury could have inferred that Jones used this firearm and/or other non-seized firearms in furtherance of the drug-trafficking conspiracy and the RICO offenses.

**3.** Jones argues that the trial court constructively amended the indictment when it charged the jury as to the § 924(c) firearms counts. The jury was instructed that a guilty verdict required proof beyond a reasonable doubt that Jones used, carried, or possessed a firearm in furtherance of the predicate offenses, and that proof of discharge or brandishing were sufficient to constitute use, but were not required. Jones argues that the indictment--which alleged that he used, carried, possessed, brandished, *and* discharged a firearm in connection with the predicate offenses--charged him "narrow[ly]" with the "more serious offense" of discharge of the firearm, and therefore the jury charge "'broaden[ed] the possible bases for conviction from that which appeared in the indictment.'" Br. for Def.-Appellant Kiond Jones at 64 (quoting United States v. Banki, 685 F.3d 99, 118 (2d Cir. 2011)).

Jones's argument fails because "[w]here there are several ways to violate a criminal statute, . . . 'federal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges.' A

---

[1] Incidentally, Anthony Praddy was Jones's co-defendant. We affirmed all other counts of conviction.

4

conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged." United States v. McDonough, 56 F.3d 381, 390 (2d Cir. 1995) (quoting United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986)) (brackets omitted). The indictment gave Jones "notice of the core of criminality to be proven at trial," United States v. D'Amelio, 683 F.3d 412, 417 (2d Cir. 2012) (quoting United States v. Rigas, 490 F.3d 208, 228 (2d Cir. 2007)) (emphases omitted), which was the use of a firearm in connection with the Raleigh Place drug-trafficking enterprise and conspiracy. Compare 18 U.S.C. § 924(c)(1)(A) (criminalizing use, carrying, or possession), with id. § 924(c)(1)(A)(i)-(iii) (setting forth sentencing consequences for various types of use). It sufficiently "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." D'Amelio, 683 F.3d at 417 (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007)); see also, e.g., United States v. Miller, 471 U.S. 130, 135 (1985) ("The indictment was also sufficient to allow Miller to plead it in the future as a bar to subsequent prosecutions. Therefore, none of [the] 'notice' related concerns--which of course are among the important concerns underlying the requirement that criminal charges be set out in an indictment--would support the result of the Court of Appeals [vacating the judgment of conviction].").

**4.** As explained above, the district court charged the jury to find whether Jones had used, carried, or possessed a firearm in connection with the predicate offenses. The court then found, as a sentencing factor, that Jones had discharged his weapon in connection with Count Twelve, and sentenced him to the higher mandatory minimum sentence (10 years' incarceration, rather than 5). This followed governing law at the time, see Harris v. United States, 536 U.S. 545, 567-70 (2002); United States v. Gomez, 580 F.3d 94, 104 (2d Cir. 2009), but (as the government concedes) it is error in view of Alleyne v. United States, 133 S. Ct. 2151 (2013), which requires that any fact increasing a mandatory minimum sentence must be submitted to the jury.

However, the error was harmless. See United States v. Friedman, 300 F.3d 111, 127-28 (2d Cir. 2012) (analyzing analogous Apprendi claim for harmless error). The district judge found that Jones discharged his weapon when he shot Osbourne. The jury necessarily so found, because it found RA 3 (the attempted murder of Osbourne) proved; and no

5

evidence was presented at trial to suggest that Jones could have attempted to kill Osbourne in any way other than through the discharge of his weapon. Moreover, it does not appear that Jones contested that he had shot Osbourne. His defense concerned the alleged motivation underlying that shooting (that it was unrelated to the marijuana distribution conspiracy). See Neder v. United States, 527 U.S. 1, 17 (1999) (when "omitted element was uncontested and supported by overwhelming evidence," erroneous instruction was harmless); Friedman, 300 F.3d at 128 (holding Apprendi error harmless due to what jury necessarily found in rendering its verdict).

**5.** Jones also argues that the two firearms counts were multiplicitous; as to this, we agree.[2]

Lesser-included offenses and their greater offense are considered a single offense, and may not be punished separately. See Blockburger v. United States, 284 U.S. 299, 304 (1932). There is an exception to this rule for RICO offenses and their predicate racketeering acts. Congress intended "to permit cumulative sentences for a RICO conviction and the predicate offenses upon which the RICO violation is premised." United States v. Walsh, 700 F.2d 846, 856 (2d Cir. 1983).

There is no such exception for § 924(c) offenses. See United States v. Lindsay, 985 F.2d 666, 677 (2d Cir. 1993). We concluded in Lindsay that there was "ambigu[ity] as to whether congress intended that a defendant should be convicted of two § 924(c)(1) violations in relation to greater and lesser-included offenses," and vacated one of two § 924(c) offenses in which the predicates were a cocaine conspiracy (a lesser-included offense) and managing a continuing criminal enterprise (the greater offense). Id.;

---

[2] Jones did not raise this argument below. However, we are satisfied that the error rises to the level of plain error. The error is sufficiently "plain"; and *25 years* of Jones's incarceral sentence is attributable to a conviction obtained in violation of the Double Jeopardy Clause. See 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii). Given the magnitude of the sentencing consequences, the error both affects Jones's substantial rights and seriously affects the fairness, integrity, and public reputation of these proceedings. See United States v. Riggi, 541 F.3d 94, 102 (2d Cir. 2008).

see Bell v. United States, 349 U.S. 81, 84 (1955) ("[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses.").

Count Twelve charged Jones with the use of a firearm in furtherance of Counts One and Two (racketeering and racketeering conspiracy); and Count Fourteen charged Jones with the use of a firearm in furtherance of Count Four (marijuana distribution conspiracy). These two § 924(c) counts are multiplicitous because the predicates for Jones's firearms convictions are a lesser-included offense (the marijuana distribution conspiracy) and greater offenses (the RICO offense and the RICO conspiracy). The RICO exception permits the government to seek punishment for RICO offenses and their predicate acts notwithstanding that one is lesser-included in the greater; however, it does not follow that Congress intended multiple *§ 924(c)* convictions *predicated on* those lesser-included and greater offenses.[3] See Lindsay, 985 F.2d at 677.

Accordingly, one of Jones's firearms convictions must be reversed. We reverse the conviction on Count Fourteen and affirm the conviction on Count Twelve (which includes a higher mandatory minimum for discharge of the weapon). See Rutledge v. United States, 517 U.S. 292 (1996) (rejecting prior Second Circuit practice of vacating multiplicitous sentences only and combining convictions); Underwood v. United States, 166 F.3d 84, 86 (2d Cir. 1999) (discussing Rutledge); cf. Lindsay, 985 F.2d at 676 (vacating convictions with less severe sentences and leaving in place conviction with enhanced sentence for use of a firearm equipped with a silencer).

---

[3] The line of cases the government cites, Br. for the United States at 29-30, is inapposite. These cases deal with an exception to the general rule that § 924(c) offenses based on *different* or *distinct predicate offenses* are not multiplicitous. See, e.g., United States v. Mejia, 545 F.3d 179 (2d Cir. 2008); United States v. Wallace, 447 F.3d 184 (2d Cir. 2006); United States v. Finley, 245 F.3d 199 (2d Cir. 2001). But here, there are no different or distinct predicate offenses; rather, the predicates are lesser-included and greater offenses.

For the foregoing reasons, the judgment of conviction on Count Fourteen is **REVERSED** and the judgment of conviction on all other counts is **AFFIRMED**; the matter is **REMANDED** for resentencing <u>de novo</u> on the affirmed counts, <u>see</u> <u>United States v. Rigas</u>, 583 F.3d 108, 118-19 (2d Cir. 2009).

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK