14-1728(L)
United States v. Thomas (Wallace)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand eighteen.

PRESENT:
Chester J. Straub,
Barrington D. Parker,
Susan L. Carney,
        *Circuit Judges.*

_____

United States of America,

        *Appellee*,

        v.                                                        14-1728 (L);
                                                                  14-1980 (con);
                                                                  17-1190 (con);
                                                                  17-1196 (con)

Jerkeno Wallace, AKA Uptown, Negus Thomas,
AKA Brown Eyes, AKA B.E.,

        *Defendants-Appellants*,

Kevin Coleman, Kimberly Cruze, Lavar Jackson,
AKA Smokey, Peter Pitter, Enrique Stewart, Kavohn
Taylor, AKA Ox, Kuwan Wallace, AKA Killer Q,
Shakon Wallace, AKA Shock, Aaron Wood,

        *Defendants*.

_____

FOR DEFENDANTS-APPELLANTS:    Richard S. Cramer, Hartford, Connecticut (for Wallace).

David J. Wenc, Baram, Tapper & Gans, LLC, Bloomfield, Connecticut (for Thomas).

FOR APPELLEE:    Michael J. Gustafson, Assistant United States Attorney, Marc H. Silverman, Assistant United States Attorney (of counsel), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeals from orders of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court dated April 18, 2017, are **AFFIRMED**.

In 2003, Defendants-Appellants Jerkeno Wallace and Negus Thomas were convicted of narcotics conspiracy, firearms, and murder charges, and were sentenced to life imprisonment plus ten years. On appeal, this Court substantially affirmed their convictions, but remanded pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), for the District Court to determine whether it would have imposed nontrivially different sentences had it known that the United States Sentencing Guidelines were not mandatory and, if so, to resentence. *See United States v. Wallace*, 447 F.3d 184, 185 (2d Cir. 2006); *United States v. Wallace*, 178 F. App'x 76, 81 (2006). The District Court declined to resentence, and, on a second appeal, we remanded pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the District Court to clarify whether, without considering an impermissible factor (post-conviction rehabilitation and remorse), it would have reached the same decision not to resentence. *See United States v. Wallace*, 617 Fed. App'x 22, 23 (2d Cir. 2015). The District Court has now clarified that it would have reached the same decision, and jurisdiction has been restored to the Court. We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's orders.

Following a *Crosby* remand, we may review "the manner in which the district court conducted the *Crosby* remand" and the reasonableness of the original sentence. *United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007). Under the law of the case doctrine, however, a defendant is barred from raising arguments that "could have been adjudicated by us had the defendant made them . . . during the initial appeal that led to the *Crosby* remand." *Id*. at 475; s*ee also United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) (stating that law of the case doctrine "prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing" (citation omitted)).

## I.       Wallace's Sentence

In his initial appeal, Wallace did not challenge his sentence. Accordingly, the law of the case doctrine precludes him from raising here any challenges to the original sentencing. Wallace has not identified any "cogent and compelling reasons" to depart from this doctrine in his current appeal. *See United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (internal quotation marks and citation omitted).

The law of the case doctrine does not bar Wallace's current arguments about the propriety of the proceedings that have been conducted on remand under *Crosby* or *Jacobson*. Upon consideration, however, we conclude that those arguments are meritless. Wallace principally contends that, in deciding against resentencing him under *Crosby*, the District Court erroneously relied on its personal observations of Wallace's conduct during the original criminal proceedings as a basis for its finding that he lacked remorse. A defendant's lack of remorse is an appropriate

3

sentencing factor.  *Jacobson*, 15 F.3d at 23.  The District Court here could properly rely on its observations of Wallace in making this finding, especially since the original criminal proceedings conducted before the District Court were extensive and gave the court ample opportunity to observe Wallace.  *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (explaining that the district court has a "unique factfinding position, which allows it to hear evidence, make credibility determinations, and interact directly with the defendant (and, often, with his victims), thereby gaining insights not always conveyed by a cold record").

Further, contrary to Wallace's contention, the District Court's written opinions regarding his sentencing provide an adequate basis for appellate review.  A district court "must explain enough about the sentence for a reviewing court both to understand it and to assure itself that the judge considered the principles enunciated in federal statutes and the Guidelines."  *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (internal quotation marks and citation omitted).  Here, we have the benefit of the District Court's written rulings in both the *Crosby* and the *Jacobson* remands, in each case explaining its decision not to resentence.  The District Court's stated reasoning—that Wallace's conviction of murder warranted a life sentence to protect the public and deter others—is sufficient to permit review.  Its decision not to sentence below the applicable Guidelines range was both reasoned and reasonable.  *See United States v. Jones*, 878 F.3d 10, 19 (2d Cir. 2017) ("In the overwhelming majority of cases, a sentence within the Guidelines range will fall comfortably within the broad range of sentences that would be reasonable." (internal quotation marks and citation omitted)). We therefore affirm the District Court's order as to Wallace's sentence.

## II. Thomas's Sentence

Applying the law of the case doctrine here as well, we do not consider Thomas's new arguments that the District Court erred at his original 2003 sentencing by (1) finding, without holding a hearing on the issue, that Thomas lacked remorse; and (2) failing to consider the parsimony clause. *See Williams*, 475 F.3d at 476. Thomas did not raise either argument in his initial appeal and does not identify any cogent and compelling reason why the Court should depart from applying the law of the case to consider them.

Thomas additionally contends, as he did in his initial appeal, that the law requires the relevant drug quantity to be determined by a jury and not by a district court, as occurred here. Under current Supreme Court precedent, a jury must determine the relevant drug quantity if the quantity raises the statutory maximum sentence. *See Mathis v. United States*, 136 S. Ct. 2243, 2252 (2016) ("This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction."). Here, Thomas argues that the court's finding increased the offense level used in his Guidelines calculation, not the applicable statutory maximum.

When it originally sentenced Thomas, the District Court was obliged to apply the Guidelines, and the Supreme Court has since held that "where facts found by a judge by a preponderance of the evidence increased the applicable Guidelines range, treating the Guidelines as mandatory in those circumstances violated the Sixth Amendment." *Pepper v. United States*, 562 U.S. 476, 489 (2011). The import of *Pepper* to Thomas was addressed, however, by virtue of the *Crosby* remand that has already been discussed. *See United States v. Garcia*, 413 F.3d 201, 220 (2d Cir. 2013) (explaining that *Crosby* remands were necessary to determine whether judicial

5

fact-finding that increased a mandatory Guidelines range constituted plain error by affecting the outcome of the sentencing). Thomas has thus already received the relief to which he is entitled with respect to this argument.

We have considered all of Thomas's and Wallace's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court