**UNITED STATES of America,**
**Appellee,**

v.

**Thomas Terrell LOFTON,**
**Defendant–Appellant.**

No. 06–2491–cr.

United States Court of Appeals,
Second Circuit.

March 31, 2008.

---

Randa D. Maher (Jeffrey G. Pitell, on the brief), Great Neck, NY, for Defendant–Appellant.

Kirby A. Heller, United States Department of Justice, Criminal Division, Appellate Section (Douglas E. Gregory, Assistant United States Attorney, Terrance P. Flynn, United States Attorney, Western District of New York, on the brief), for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. JANET C. HALL,[1] District Judge.

## SUMMARY ORDER

Thomas Terrell Lofton appeals from a judgment of conviction of the United States District Court for the Western District of New York (Larimer, *J.*). Lofton was sentenced principally to 47 years of imprisonment after being convicted of one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (count one), two counts of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (counts three and five), two counts of using and carrying firearms during the crimes of violence charged in counts one and five in violation of 18 U.S.C. § 924(c) (counts two

---

1. The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

and six), and possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g) (count seven). We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

On appeal, Lofton claims that the district court erred in allowing the government to elicit evidence of similar and other bad acts under Fed.R.Evid. 404(b), in charging the jury that it could base its convictions of both counts two and six on the same offense conduct, and in not instructing the jury that it must make a unanimous and specific finding on which firearm supported the conviction for count two. Additionally, he argues that the evidence was insufficient to support conviction under count three.

## DISCUSSION

First, Lofton makes various challenges to the district court's admission of evidence under Fed.R.Evid. 404(b). A defendant's conviction may be reversed based on the admission of evidence of prior bad acts only if the district court abused its discretion by "rul[ing] in an arbitrary and irrational fashion." *United States v. Germosen*, 139 F.3d 120, 127 (2d Cir.1998). Other act evidence may be admitted under Fed.R.Evid. 404(b) for any purpose other than to demonstrate criminal propensity. "To determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004) (per curiam).

■ Lofton maintains that the district court erred in admitting testimony regarding the robberies of two commercial establishments that he allegedly committed with some members of the Hobbs Act conspiracy, his alleged participation in a drive-by shooting, and testimony from James "Boo" Washington and James "Prince" Yearwood about Henry "Papa" Anthony's role in advising Lofton that Washington was a drug dealer. The district court found that the prior bad acts testimony was admitted for permissible purposes including showing the relationship between co-conspirators and Lofton's intent in robbing drug dealers. It also found this evidence relevant and not unduly prejudicial. We find no abuse of the court's discretion in its admission of the Rule 404(b) evidence. *See United States v. Lin Guang*, 511 F.3d 110, 121 (2d Cir.2007).

■ Lofton then challenges the court's limiting instruction—to which he did not object at trial—as inadequate to curtail the prejudice resulting from the admission of the prior bad acts. In instructing the jury regarding the Rule 404(b) evidence, the court stated, "[l]et me say, first of all, that Mr. Lofton is not on trial for any of those matters. In fact, he's not on trial for any act that's not alleged in the indictment. Accordingly, you may not consider . . . this evidence as some proof that Mr. Lofton has a bad character or a criminal propensity." The district court then described the permissible uses of the evidence. The court's instructions were clearly proper and did not constitute plain error.

■ Lofton next argues that the district court erroneously instructed the jury that the substantive Hobbs Act robberies could serve as the basis for the conspiracy conviction in such a way that he was exposed to multiple 924(c)(1) convictions based upon the same conduct. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law."

*United States v. Naiman,* 211 F.3d 40, 51 (2d Cir.2000) (internal citations omitted). "Reversal is required only if the instructions, viewed as a whole, caused the defendant prejudice." *Id.* The district court stated that the substantive Hobbs Act offenses were "the only two that are charged . . . as objects of the conspiracy." Lofton argues that the court's instructions permitted the substantive attempted robbery charged in count five to serve as the predicate offense for both count two, which charged using a firearm in connection with the charged conspiracy, and count six, which charged using a firearm during the attempted robbery. In *United States v. Wallace,* 447 F.3d 184 (2d Cir.2006), we held that multiple § 924(c)(1) convictions are impermissible when they were based on the same "unit of prosecution." However, we find that the jury instructions, viewed as a whole, did not violate our holding in *Wallace.* The district court specifically instructed the jury that the charged attempts "can't be the basis for the finding that he used guns as part of the conspiracy," and that the jury "would have to find . . . that [Lofton] used firearms on different dates than October 15th and March 11th," the alleged dates of the two robbery attempts. Thus, the district court clearly required the jury to make separate findings about the conduct related to each count. *Cf. id.* at 189 (finding multiple § 924(c)(1) counts improper when the relevant conduct underlying both counts was identical). We therefore see no error.

■ Lofton also contends that the district court should have instructed the jury to make a unanimous and specific finding as to which firearm supported Lofton's conviction under count two, although he made no timely request for such an instruction. We have never required that a jury make a unanimous finding as to the gun used to support a § 924(c) conviction, particularly where the indictment did not charge that specific guns were used. Because Lofton has not demonstrated that he was entitled to such an instruction, and because the district court gave the jury a general instruction on unanimity, we find that his claim has no merit. *See United States v. Schiff,* 801 F.2d 108, 114–15 (2d Cir.1986) ("A general instruction on unanimity is sufficient . . . except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion." (citation omitted)).

Lofton next claims that the evidence was insufficient to establish the interstate commerce element of the Hobbs Act as to count three. This Court reviews *de novo* challenges made regarding the sufficiency of the evidence. *United States v. Jones,* 393 F.3d 107, 111 (2d Cir.2004). The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951. The government need only make a "showing of a very slight effect on interstate commerce" for Hobbs Act purposes. *United States v. Arena,* 180 F.3d 380, 390 (2d Cir.1999); *see also United States v. Parkes,* 497 F.3d 220, 230 (2d Cir.2007) ("The Hobbs Act prohibits robberies that affect interstate commerce 'in any way or degree,' 18 U.S.C. § 1951(a), so the required showing of an effect on interstate commerce is *de minimis.*").

■ Here, the government met its burden. Walter Balkum, Lofton's co-conspirator, testified that he regularly engaged in the business of drug-dealing, a business that for Balkum included the distribution of cocaine. Testimony from one of the

**34**

government's witnesses established that cocaine is not produced in New York. Accordingly, a reasonable juror could infer that if Balkum had successfully obtained drugs and money from the robbery on October 15th, Balkum would have increased the assets available to him to use in purchasing and obtaining cocaine for his drug dealing business, thereby affecting interstate commerce. *Cf. United States v. Elias,* 285 F.3d 183, 189 (2d Cir.2002) (holding that there is a sufficient connection to interstate commerce when a robbery depletes the assets of a business that regularly purchases goods produced out-of-state).

Because only a minimal showing is required, the government's evidence was sufficient. *See id.* at 225 (finding evidence sufficient where an expert witness "acknowledged that marijuana is grown within New York State" and where the evidence did not explore the origin of the victim's marijuana or the use of the proceeds from drug sales).

█ Finally, Lofton challenges the district court's jury instructions regarding the interstate commerce requirement. The contested instructions read as follows:

If you find that a conspiracy existed and Mr. Lofton was a member of that conspiracy, that he agreed to engage in the efforts to steal money and drugs from others against their will, you must decide whether that action would affect interstate commerce in any way or in any degree. You must determine whether there's an actual or a potential affect on commerce.

With respect to Count 1, to satisfy this interstate commerce element, you must find beyond a reasonable doubt that Mr. Lofton agreed or conspired with others to rob either drugs or drug trafficking proceeds.

You do not have to find that such drugs or drug trafficking proceeds actu-

ally existed, but only that the defendant believed that they did. It does not matter, as I said before, whether the conspiracy actually succeeded in its objects. What matters is whether the planned robbery or robberies, if they had succeeded as planned, would have had an affect on commerce.

Lofton argues that the jurors were told that they merely had to find that he agreed with others to rob drugs to determine that the interstate commerce element had been met. However, the district court also charged that the jury "must decide whether that action would affect interstate commerce in any way or in any degree. You must determine whether there's an actual or a potential affect on commerce." The court reinforced that it was the responsibility of the jury to determine whether interstate commerce was affected: "What matters is whether the planned robbery or robberies, if they had succeeded as planned, would have had an affect on commerce." *Cf. id.* at 230 ("[F]or a robbery to be punishable under federal law, the government must show that if the robbery occurred, interstate commerce would have been affected in some way[,] even if the effect would have been slight.") (second alteration in original). We find that the overall effect of the instructions was to inform the jury that it had to consider whether the attempted robbery would, if it had been completed, have affected interstate commerce. No error occurred.

We have considered the remainder of Lofton's contentions and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the judgment of conviction is AFFIRMED.