15-2367-cr
*United States v. Johnson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
             *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                        *Appellee*,

                v.                                    15-2367-cr

RODNEY JOHNSON, AKA Rodney T. Hibbert,
AKA Toree Johnson,
                        *Defendant-Appellant*,

DEREK ANDRE ENGLISH, RONALD
ANDERSON, BRIAN McCLEOD, AKA Slim, AKA
Brian Connelly, AKA Joseph King, AKA
Brian Conley, AKA John A. Conley,
SHAWN WILLIAMS, AKA William Shawn,
JASON WILLIAMS, DERRICK GRANT,

JAMES J. ROSEMOND,

                                 *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                                      THOMAS MCKAY, Adam S. Hickey, Assistant
                                                                        United States Attorneys, *for* Preet Bharara,
                                                                        United States Attorney for the Southern
                                                                        District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:       DONALD J. YANNELLA, Law Office of
                                                                        Donald J. Yannella, New York, NY.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Rodney Johnson appeals from a judgment entered July 16, 2015 in the United States District Court for the Southern District of New York, following a four-week jury trial, convicting him on Counts Five, Six, and Seven of the Indictment, which charged him with narcotics and related firearms violations.  The jury was unable to reach a unanimous verdict as to Counts One through Four of the Indictment, which charged Johnson and a co-defendant, James Rosemond, with murder-for-hire and related crimes.  The district court declared a mistrial as to those counts.

On July 15, 2015, the district court sentenced Johnson principally to the mandatory minimum term of 25 years' imprisonment on the narcotics convictions.  We

2

assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

On appeal, Johnson makes six arguments: (1) the district court erred by denying his motion for a severance and admitting "an enormous volume of uncharged crime evidence," Appellant's Br. at 9; (2) the district court erred by taking a partial verdict from the jury; (3) the government's rebuttal summation deprived him of a fair trial; (4) the district court erred by failing to instruct the jury that it was required to make a unanimous finding as to the particular firearm that was used, carried, or possessed in connection with each of the firearms counts; (5) the district court erred by denying his motion to suppress physical evidence; and (6) the district court erred by denying Johnson's request for discovery into alleged jury tampering.

I.      *The Severance Motion*

Johnson argues that the district court erred by denying his motion to sever his trial from Rosemond's because he was prejudiced by the introduction of evidence that was inadmissible against him. Rosemond, the owner of a music management business and the leader of a narcotics distribution organization, was involved in an ongoing violent feud with a rival music organization that spanned many years. The government alleged at trial that Rosemond hired individuals to murder Lowell Fletcher and that Johnson, alleged to be a key associate of Rosemond, was involved as a backup to the shooter. The district court admitted, over Johnson's objection, evidence of violent

3

acts committed by or at the direction of Rosemond against the rival music organization as part of the feud, including acts before Johnson's involvement, to provide background and context for the murder-for-hire conspiracy.

We review a district court's decision to admit other crimes evidence under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Langford*, 990 F.2d 65, 70 (2d Cir. 1993). We also review a district court's denial of a motion to sever for abuse of discretion, and such a decision "will not be overturned unless the defendant demonstrates that the failure to sever caused him substantial prejudice in the form of a miscarriage of justice." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991)).

The district court did not abuse its discretion. Background evidence is admissible if it is relevant "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *United States v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000) (quoting *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992)). It was within the district court's discretion to permit such evidence under Rule 404(b) to "help explain to the jury how the illegal relationship between the participants in the crime developed." Special App. at 35-36 (internal quotation marks and citations omitted). Moreover, as the district court observed, the evidence was not unfairly prejudicial because it was not any more sensational or

4

disturbing than evidence of the murder with which Johnson was charged. Because the evidence was admissible against Johnson, there was no reason to sever Johnson's trial from Rosemond's.

Even if the district court had abused its discretion in admitting the evidence against Johnson, any error was harmless. Johnson was found guilty only on the narcotics-related charges, the prior acts evidence did not relate to those charges, and the evidence of Johnson's guilt with respect to the narcotics-related charges was overwhelming. Additionally, the fact that the jury hung on the murder-related charges but found Johnson guilty of the narcotics-related charges demonstrates that it understood that the prior acts evidence was relevant only to deciding whether the conspiracy charged in Count 1 existed.

## II.    *The Partial Verdict*

The district court took a verdict from the jury on Counts Five, Six, and Seven, which charged Johnson only, on the second day of its deliberations. The district court did so after the jury sent back a note that stated:

> We can not [sic] come to an agreement on the First 4 counts on both
> defendants. But we have come to an agreement on counts 5 to 7 on
> Mr. Johnson. And that will not change.

App. at 980. The word "not" was underlined three times. *Id.* The jury deliberated on the remaining counts for two more days before the district court declared a mistrial. Johnson contends that the district court erred by taking a partial verdict from the jury.

5

We review a district court's decision to take a partial verdict for abuse of discretion. *See Kerman v. City of New York*, 261 F.3d 229, 242 n.9 (2d Cir. 2001). In a multi-defendant trial, the jury is entitled to return a verdict "at any time in its deliberations" as to one or more defendants. Fed. R. Crim. P. 31(b)(1); *see United States v. Levasseur*, 816 F.2d 37, 45 (2d Cir. 1987).

"[J]uries 'should be neither encouraged nor discouraged to return a partial verdict, but should understand their options, especially when they have reached a stage in their deliberations at which they may well wish to report a partial verdict as to some counts or some defendants.'" *United States v. Dolah*, 245 F.3d 98, 108 (2d Cir. 2001) (quoting *United States v. DiLapi*, 651 F.2d 140, 147 (2d Cir. 1981)), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). The district court did not instruct the jury "explicitly that it had the option either to report partial verdicts or to wait until deliberations were concluded." *Id.* "Although it would have been preferable" and advisable to provide such an instruction, the district court's failure to do so was not an abuse of discretion here where the jury "clearly expressed" that it had reached a final verdict, and it gave no subsequent indication that it wished to reconsider its partial verdict. *Id.*

III. *The Government's Rebuttal Summation*

Johnson argues that he was denied a fair trial because the prosecutor's rebuttal summation suggested to the jury that it could base its verdict, with respect to

6

the narcotics related charges, on defense counsel's summation rather than on the evidence. To overturn his conviction on this ground, Johnson "must show not simply that a particular summation comment was improper, but that the comment, viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him, such that the resulting conviction [was] a denial of due process." *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted).

Johnson has not met his burden. The prosecutor's comment was not improper because it merely responded to defense counsel's theory of the evidence. *See United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) ("[A] prosecutor is ordinarily entitled to respond to the evidence, issues, and hypotheses propounded by the defense."). Moreover, the jury was repeatedly reminded by the government and the district court, before, during, and after summations, that statements and arguments by lawyers were not evidence. Finally, viewing the comment in the context of the entire trial and the overwhelming evidence with respect to Counts Five through Seven, Johnson cannot show substantial prejudice.

## IV.   *The Firearm Instruction*

Johnson argues that the district court should have instructed the jury that it had to make a unanimous finding as to the particular firearm that was used, carried, or possessed in connection with each of the firearms counts. Courts that have ruled on

7

this issue have uniformly held that the jury need not be unanimous as to a specific gun

that a defendant possessed, used, or carried in violating § 924(c).  *See United States v.*

*Renteria*, 720 F.3d 1245, 1255-56 (10th Cir. 2013); *United States v. Perry*, 560 F.3d 246, 257

(4th Cir. 2009); *United States v. Wise*, 515 F.3d 207, 214-15 (3d Cir. 2008); *United States v.*

*Hernandez-Albino*, 177 F.3d 33, 40 (1st Cir. 1999); *United States v. Morin*, 33 F.3d 1351,

1353-54 (11th Cir. 1994); *United States v. Correa-Ventura*, 6 F.3d 1070, 1086 (5th Cir. 1993).[1]

The district court gave the appropriate standard unanimity instruction.

Accordingly, the district court did not commit reversible error.  *See United States v.*

*Dupre*, 462 F.3d 131, 143 (2d Cir. 2006) (in case where multiple predicates for guilt were

offered for a single count, holding that even where a specific unanimity instruction

would be preferable, a general unanimity instruction is sufficient).

## V.     *The Motion to Suppress*

Johnson contends that the district court erred by denying his motion to

suppress the physical evidence found in the Jeep and stash house.  We review the

district court's "findings of fact for clear error, viewing the evidence in the light most

favorable to the government, and we apply *de novo* review to the district court's

conclusions of law."  *United States v. Rommy*, 506 F.3d 108, 128 (2d Cir. 2007).

---

[1]     We have not addressed this issue in a published opinion, but we have noted in a summary order that "[w]e have never required that a jury make a unanimous finding as to the gun used to support a § 924(c) conviction, particularly where the indictment did not charge that specific guns were used." *United States v. Lofton*, 275 F. App'x 30, 33 (2d Cir. 2008).

First, there was probable cause to search the Jeep based on the statements made by Johnson's co-conspirator Bryan James and the observations made by the Drug Enforcement Agency agents. "[W]hen the police possess probable cause to believe a vehicle contains contraband, 'they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages in the vehicle.'" *United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (quoting *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987)). James was arrested shortly after attempting to pick up a package from the UPS Store that he believed contained five kilograms of cocaine. After his arrest, James told an agent that someone driving a Jeep had accompanied him to pick up the package, that the Jeep was parked directly in front of James's car, and that the person had probably seen James's arrest from the Starbucks coffee shop across the street. The agent relayed this information to another agent who confirmed that there was a Jeep where James said it would be, there was a Starbucks across the street, and there was a package in the back seat of the Jeep similar in size and shape to the one James had attempted to pick up from the UPS Store. The agents then spoke to a tow truck driver who told the agents that the owner of the car had hired him to tow the car from the location. Finally, James told another agent that there was a trap in the Jeep that contained a gun. The detailed information provided by James, which was corroborated by the agents' own observations, provided probable cause to seize and search the Jeep. *See id.* at 236 (noting "criminals caught red-handed may be reliable

9

sources of information"); *Illinois v. Gates*, 462 U.S. 213, 243 (1983) (agent's independent corroboration contributed to legitimate belief that informant's information was true).

Second, there was no error in the district court's decision to credit the agents' testimony that they did not search the stash house or seize any evidence therein until after they obtained a search warrant. A district court's evaluation of a testifying agent's credibility is entitled to "special deference." *United States v. Lucky*, 569 F.3d 101, 106 (2d Cir. 2009).

## VI.  *Alleged Jury Tampering*

Johnson argues that the district court erred by denying his motion for further discovery related to allegations of juror tampering.[2] "[A] trial court is required to hold a post-trial jury hearing only when . . . there is clear, strong, substantial and incontrovertible evidence, that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983) (internal citation omitted). The inquiry ends "when and if it becomes apparent that the . . . reasonable grounds to suspect prejudicial jury impropriety do not exist." *Id.*

After the trial, investigators from the United States Attorney's Office interviewed a juror to determine whether the juror had been subjected to tampering. The juror denied any tampering and the investigators found the juror's testimony to be

---

[2]     The parties submitted redacted briefs on this issue. Because we limit our discussion to general matters only, we see no need for a redacted summary order.

credible.  The government closed the investigation and informed defense counsel of the foregoing events.  The district court then brought the juror in for additional questioning with counsel present, pursuant to the parties' joint request.  Again, the juror denied that anyone attempted to contact or influence the juror.

The district court denied Johnson's requests for further investigation and for additional discovery, finding that the juror "emphatically and credibly denied having been tampered with in any way."  Confidential App. at 103.  The district court also found that there was no need to expand the investigation into other jurors because there was no evidence of any effort to influence any other juror.  The district court did not err in determining that the one juror in question was the only juror who could have plausibly fit the description, and it did not abuse its discretion in concluding that further investigation and discovery were unwarranted.

\* \* \*

We have considered Johnson's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11